IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GBEKE MICHAEL AWALA, :

   Plaintiff, :

v. : civ No.: 07-cv-531

CHIEF JUSTICE JOHN G. ROBERTS Jr. et al. :

   Defendants. :

:

MOTION TO RECUSE
28 U.S.C. SECTION 144
28 U.S.C. SECTION 455(a) and (b)(1)  RD scanned

COMES Now the Plaintiff Gbeke Michael Awala, respectfully moves the Court pursuant to the above mentioned statutory construction and moves the court to recuse <u>Magistrate Judge Mary Pat Thyngne</u>, from this action for the reasons that this court harbors her bias and prejudice inferences against the plaintiff, of such magnitude that this Court is willing to commit felonies on behalf of the Defendants articulated in this complaint to aid the government. In supoport thereof avers as follows:

   (a) The above mentioned Judicial Officer have narrowly applied the court's power 'defer,' by their discretion, thus, it became clear to the plaintiff that there are doubts whether her decisions in the captioned case would be in congruence with the congressional intent expressed in Title 42 U.S.C. Section 1983, 28 U.S.C. Section 636 and 28 U.S.C. Section 47 and 292; and

(b) This Court is so bias against the plaintiff that the Court refuses to assign litigation that other judges can properly handled albiet the perverted recusable Magistrate Judge, a skinny bufoon, melted by free base, whom as not been found an effective tool for judicial purposes. This Court is prepared not to allow the defendant Chief Justice John G. Roberts Jr, to author his Opinion concerning the allegation filed against him and others; and

(c) This Court purportedly issued a docket text and unconstitutionally assigned the matter to the Magistrate intended to be removed in this case, pursuant to 28 U.S.C. Section 636(b), without the consent of the parties. The order dated 9/12/07; and

(d) Due process cannot be satisfied when the court provides a "hearing" at which the judge is not really listening or before which the decision has already been made. See United States v. Cross, 128 F.3d 145, n.2 (3d Cir. 1997): See also Canons of Judicial Ethics, Canons 2, 6, 19 Paragraph 1, 20, and 22.

Moreover, agencies must respond to the arguments made to them. See Lwin v. I.NS., 144 F.3d 505, 512(7th Cir. 1998). Thus, how much more should this apply to the defendants and the District Judge in this kingdom. A Judge who is not impartial is a structural error. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1717(1993). A conviction and sentence in front of a bias judge must be vacated. United States v. Cooley, 1 F.3d 985, 998(10 Cir. 1993).

It is of course basic to due process that the trial judge conduct a fair and impartial trial. To that end he must avoid to be partial. United States v. Gower, 447 F.2d 187, 191(5th. 1971). A Judge is required to take measures against unethical conduct occurring in connection with any proceeding before him. Gentner v. Shulman, 55 F.3d 87

-2-

89 (2nd Cir. 1995). This Court has not only failed to fulfill such an obligation, it has refused to do so. It is the duty of the grand jury to protect the citizen from unfounded accusations and the duty of the court alone to protect the defendant from unjust conviction. U.S. ex rel. Hassell v. Mathues, 27 F.2d 137(D. Pa. 1928).

As both the evidence the plaintiff will present in this case, and the evidence the plaintiff intended introducing at trial, and the evidence the Court refused to allow based on antagosnistic and favoritism in part of the U.S. Attorney's Office, district of delaware, this court's shirking of its duty in order to aid the Magistrate as it aided the matter before Judge Kent A Jordan in U.S. v. Awala, 04-901-KAJ/SLR. The same is self-evident.

Plaintiff moves the court to take judicial notice, pursuant to 28 U.S.C. section 201(d), of its order on 9/12/07, and the plain language of 28 U.S.C. Section 455(b)(1).

Section 455. Disqualification of Justice, Judge, or Magistrate

(b) He shall also disqualify himself in the following circumstances:

(1) Where he/she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding:

A Court may take judicial notice of its own records. United States v. Doss, 563 F.2d 265, 266 n.2 (6th Cir. 1977).

The Defendants and the named defendant John G. Roberts Jr, is found consonant with the ruling in his court in O'Donoghue v. United States, 1933, 53 S. Ct. 740, 289 US 516, that then(Supreme Court and Court of Appeals are constitutional courts of the United States), ordained and established under article III of the Constitution, congress

-3-

enacted that the Courts (Act of June, 1934, 48 Stat. 926). See also Federal Trade Commission v. Klesner, 1927, 47 S.Ct. 557.

Therefore, the parallelism between this Court, and the Supreme Court of the United States and the U.S. Court of Appeals for the Third Circuit, in the consideration and disposition of this matter, involving the chief Justice of the Supreme court would be regarded as a cause within Federal Jurisdiction. See also Clairborne-Annapolis Ferry Company v United States, (1932) 285 US 382. Accordingly, where a Motion for recusal is made based upon a clear rebuttal to curb a clear pattern of corruption, bias and prejudice towards the plaintiff this court must honor said Motion and grant it. See United States v. Gordon, (2005, DC Del) 354 F. Supp. 524.

The Supreme Court has found "shall" to be "the language of command." Escoe v. Zerbst, 295 U.S. 490(1935).

The word 'shall' generally indicates a command that admits of no discretion on the part of the person instructed to carry out the directive. association of Civilian Technicians v. F.L.R.A, 22 F.3d 1150, 1153 (D.C. 1994).

Shall, As used in statutes...this word is generally imperative or mandatory. The Magistrate Judge Mary Pat Thyngne, shall recuse herself. See Matthew 13:11 King James Version...."Because it has been given to me to know her mysteries over her bench when a matter concerns a truth not a matter of whether there is probable cause to issue an arrest warrant in other to arrest the defendant John G. Roberts, Jr. Chief Justice of The Supreme Court of the United States. Thus, her neutral inferences is unwarranted in the present case."

WHEREFORE, plaintiff Gbeke Michael Awala moves the Magistrate Judge alleged above to recuse herself from this action forthwith.

Dated 9/19/ , 2007.

Submitted under penalty of perjury to be true and correct. 28 U.S.C. Section 1746.

Respectfully submitted,

GBEKE MICHAEL AWALA
No. 82074-054
U.S. P. Canaan
P.O. Box 300
Waymart, PA 18472

-5-

-6-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion For Recusal of Magistrate Judge Mary Pat Thyngne, from this action was served upon the defendants as follows:

1. CHIEF JUSTICE JOHN G. ROBERTS Jr.
   SUPREME COURT OF THE UNITED STATES
   1 first Street, N.E
   Washington D.C. 20543.

Submitted under 28 U.S.C. Section 1746.

Dated 9/19/, 2007.

GBEKE M. AWALA
No. 82074-054



## Inmate Statement

| | |
|---|---|
| Inmate Reg #: | 82074054 |
| Inmate Name: | AWALA, GBEKE |
| Report Date: | 09/19/2007 |
| Report Time: | 3:25:33 PM |
| Current Institution: | Canaan USP |
| Housing Unit: | CAA-E-B |
| Living Quarters: | E03-131LJT |

| Alpha Code | Date/Time | Reference# | Payment# | Receipt# | Transaction Type | Transaction Amount | Encumbrance Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| CAA | 9/5/2007 5:12:25 PM | 46 | | | Sales | ($9.20) | | $0.80 |
| CAA | 9/1/2007 12:10:41 AM | GCAAD064 - 1106 | | | Debt Encumbrance - Released | | $30.00 | -------- |
| CAA | 9/1/2007 12:10:41 AM | GCAAD064 | 2142 | | PLRA Payment | ($20.79) | | $10.00 |
| CAA | 8/22/2007 5:34:15 PM | 56 | | | Sales | ($107.20) | | $30.79 |
| CAA | 8/21/2007 12:10:26 AM | GCAAD064 - 1105 | | | Debt Encumbrance - Released | | $12.01 | -------- |
| CAA | 8/21/2007 12:10:26 AM | GCAAD064 - 1087 | | | Debt Encumbrance - Released | | $2.75 | -------- |
| CAA | 8/21/2007 12:10:26 AM | GCAAD064 | 2091 | | Initial PLRA Pymt | ($14.76) | | $137.99 |
| CAA | 8/20/2007 6:12:05 PM | 33323107 | | | Western Union | $150.00 | | $152.75 |
| CAA | 8/20/2007 6:12:05 PM | GCAAD064 - 1105 | | | Debt Encumbrance | | ($12.01) | -------- |
| CAA | 8/20/2007 6:12:05 PM | GCAAD064 - 1106 | | | Debt Encumbrance | | ($30.00) | -------- |
| CAA | 8/13/2007 1:47:40 PM | GCAAD064 - 1087 | | | Debt Encumbrance | | ($2.75) | -------- |
| CAA | 8/13/2007 1:46:01 PM | GCAAD063 - 1086 | | | Debt Encumbrance - Released | | $2.75 | -------- |
| CAA | 8/13/2007 1:43:04 PM | GCAAD063 - 1086 | | | Debt Encumbrance | | ($2.75) | -------- |
| CAA | 8/8/2007 5:37:27 PM | 39 | | | Sales | ($57.25) | | $2.75 |
| CAA | 7/30/2007 5:11:29 PM | 33321607 | | | Western Union | $60.00 | | $60.00 |
| CAA | 7/11/2007 2:43:51 PM | 51 | | | Sales | ($245.00) | | $0.00 |
| CAA | 6/29/2007 5:30:18 PM | ITS0629 | | | Phone Withdrawal | ($5.00) | | $245.00 |
| CAA | 6/28/2007 3:08:02 PM | 33319407 | | | Western Union | $250.00 | | $250.00 |
| CAA | 4/11/2007 3:33:51 AM | TX041107 | | | Transfer - In from TRUFACS | $0.00 | | $0.00 |

1

Total Transactions: 19

Totals: $0.80 $0.00

### Current Balances

| Alpha Code | Available Balance | Pre-Release Balance | Debt Encumbrance | SPO Encumbrance | Other Encumbrance | Outstanding Instruments | Administrative Holds | Account Balance |
|---|---|---|---|---|---|---|---|---|
| CAA | $0.80 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.80 |
| Totals: | $0.80 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.80 |

GBEKE MICHAEL AWALA
No. 82074-054
U.S. P. Canaan
P.O. Box 300
Waymart, PA 18472



7007 0710 0002 2241 1570



legal Mail:

JOSEPH J. FARNAN Jr.
U.S District Judge
U.S. District Court
for the District of Delaware
Lockbox 18
844 N. King Street
Wilmington, DE 19801-3570