IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GBEKE MICHAEL AWALA, | ) |
|     Plaintiff, | ) |
|     v. | ) Civ. No. 07-531-SLR |
| CHIEF JUSTICE JOHN G. ROBERTS, | ) |
| CHIEF JUDGE ANTHONY J. SCIRICA, | ) |
| JUSTICE SAMUEL ALITO, JR., | ) |
| CIRCUIT JUDGE KENT A. JORDAN, | ) |
| CIRCUIT JUDGE THOMAS L. AMBRO, | ) |
| SENATOR ARLEN SPECTOR, | ) |
| CHIEF JUDGE SUE L. ROBINSON, | ) |
| UNITED STATES ATTORNEY COLM F. | ) |
| CONNOLLY, CLERK MARCIA M. | ) |
| WALDON, CLERK DONALD BAKER, | ) |
| CLERK WILLIAM K. SUTER, and | ) |
| DISTRICT JUDGE GREGORY SLEET, | ) |
|     Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of October, 2007;

IT IS ORDERED that plaintiff's motion for leave to proceed in forma pauperis is denied, for the reasons that follow:

1. **Background.** Plaintiff Gbeke Michael Awala ("Awala"), an inmate at the U.S. Penitentiary Canaan, Waymart, Pennsylvania, filed this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331 alleging violations of his constitutional rights. Plaintiff proceeds pro se and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (D.I. 1.) He is a frequent filer in this district.

2. **Motion to Proceed In Forma Pauperis.** The Prison Litigation Reform Act

("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury. Also, a prisoner who is not proceeding in forma pauperis may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

3. According to the records of the Federal Courts, as of the year 2005, and while a prisoner, plaintiff had filed at least twenty civil actions in various federal courts. See Awala v. Delta Air Lines, C.A. No. 1:05-CV-2128-JEC (N.D. Ga. Aug. 31, 2005). Since that time he has filed many more cases. Most of those cases have been dismissed as frivolous or for failure to state a claim upon which relief may be granted, as follows: Awala v. New Jersey Dep't of Corr., No. 05-4899 (3d Cir. Jan. 31, 2007); Awala v. Regional Office Bureau of Prisons, No. 05-5169 (3d Cir. June 5, 2006); Awala v. Federal Pub. Defender, No. 05-4341 (3d Cir. Apr. 21, 2006); Awala v. Wachovia Corp., No. 05-3381 (3d Cir. Dec. 8, 2005); Awala v. People Who Want to Restrict Our First Amendment Rights, No. 05-3863 (3d Cir. Dec. 8, 2005); Awala v. 8 U.S.C. § 1326, C.A. No. 06-012-KAJ (D. Del. Mar. 17, 2006); Awala v. Stretton, C.A. No. 05-472-KAJ (D. Del.

Mar. 3, 2006); Awala v. U.S. Congress, C.A. No. 05-307-KAJ (D. Del. Dec. 15, 2005); Awala v. Delaware River and Bay Auth. Police Dep't, C.A. No. 05-97-KAJ (D. Del. Dec. 15, 2005); Awala v. State of New Jersey Dep't of Corr., C.A. No. Civ.A. 05-2362FLW (D.N.J. Aug. 23, 2005); and Awala v. Federal Pub. Defender, C.A. No. 05-CV-281-KAJ (D. Del. Aug. 5, 2005). As a result, plaintiff may not file another civil action in forma pauperis while incarcerated unless he was in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3d Cir. 2001).

4. Plaintiff's complaint does not meet that standard. Rather, the complaint complains of actions taken by the judiciary, prosecutor, clerks of court and a U.S. Senator in cases where plaintiff is a party and, more particularly, the case where he was convicted of a federal crime. Hence, plaintiff is not excused from the restrictions under § 1915(g), he may not proceed in forma pauperis and, therefore, his motion to proceed in forma pauperis will be denied.

5. **Conclusion**. Based upon the foregoing analysis, the motion to proceed in forma pauperis (D.I. 1) is **denied**. Plaintiff is given **thirty** (30) days from the date of this order to pay the $350.00 filing fee. If plaintiff does not pay the filing fee within that time, the complaint shall be dismissed and the case closed pursuant to 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE