

FILED
OCT 25 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GBEKE MICHAEL AWALA, PD scanned :

    Plaintiff, :

                                                 : Civil No.: 1:07-cv-531

    v. 

                                      :

CHIEF JUSTICE JOHN G. ROBERTS Jr., :

    Defendant. :

                                         :

## MOTION FOR DISPOSITION

    COMES NOW the plaintiff Gbeke Michael Awala, appearing in the above entitled action, and moves the Court, pursuant to Rule 16(a) and (b), pretrial conference, in the above captioned case, and as it became clear that the court has assigned the matter to Honorable Sue L. Robinson, may it please the court to acknowledge the motion filed herein. In support avers:

    (a) The existence of a criminal conspiracy in part of the defendants and other members of the Judiciary against the plaintiff, this may be proven merely via circumstantial evidence as well as the direct evidence available to all parties, if the court could afford a logical and reasonable inferences as to the ultimate facts sought to be proven. See U.S. v. Carr, 25 F.3d 1194, 40 Fed. R. Evid. Serv. (LCP) 750 (3d Cir. 1994); U.S. v. Blackwell, 954 F.Supp. 944 (D.N.J. 1997); U.S. v. Krenning, 93 F.3d 1257 (5th Cir. 1996); U.S. v. Neville, 82 F.3d 750 (7th Cir.1996). Thus, just as when the government attempts to prove the existence of indefinite acts, each of which, standing alone

might have little weight, but taken collectively point unerringly to the existence of a conspiracy.  See also U.S. v. Robertson, 110 F.3d 1113(5th Cir. 1997). "

Furthermore, the plaintiff can prove beyond a reasonable doubt that the defendants had knowledge of the essential object of the conspiracy.  See U.S. v. Veksler, 862 F.Supp. 1337 (E.D. Pa); U.S. v. Morsley, 64 F.3d 907 (4th Cir. 1995).  Plaintiff similarly, submitts that the defendants all named above in the action voluntarily participated to achieve the criminal objective.  See also U.S. v. Josleyn, 99 F.3d 1182(1st Cir. 1996).

Plaintiff reasonably believes the defendants attempt at undermining the proposed constitutional applications under the State of Florida for 'birth certificate,' in such a way that , they jointly makes children born in this country, and their parents, be deprived of these birthright without due process.  A State Supreme Court has authority to conduct a determination whether the plaintiff Gbeke Michael Awala is constitutionaly valid to obtain said documents, since a submission has been made to the State Supreme Court, a ratification by the defendants is necessary to do substantial justice.  Rather, the defendants attempted changing laws and organic laws on the subject, the question of the adoption of the plaintiff's birth certificate is a question of 'law and 'facts for the State jurisprudence!' See Florida League of Cities v. Smith, 609 So. 2d 397 (Fla. 1992)(no relief is possible in a petition challenging a state constitutional provisions).

Application of this provision here, the defendants fireproof shield over the plaintiff's birth certificate must obey the state rule of law.

Accordingly, this matter must proceed to pretrial scheduling and any cognitive conferencing under the Fed. R. Civ. P. Rule 16.

-2-

An argument potentially submitted by the defendants challenging the substance of a provision under the Florida Constitution regarding the pdaintiff's birth certificate is unconstitutional and not justiciable in an action seeking to keep the provision away from the plaintiff Gbeke M. Awala. See <u>Grose v. Firestone</u>, 422 So. 2d 303(Fla. 1982).

WHEREFORE, I pray the Court grants this instant Motion.

Submitted under penalty of perjury 'to be true and correct.' 28 U.S.C. Section 1746.

Dated_____, 2007.

Respectfully submitted,

GBEKE MICHAEL AWALA
No. 82074-054
U.S. P. Canaan
P.O. Box 300
Waymart, PA 18472

-3-



GBEKE MICHAEL AWALA
No. 82074-054
U.S. P. Canaan
P.O. Box 300
Waymart, PA 18472

legal Mail:

Sue L. Robinson
District Judge
U.S. District Court
For the District of Delaware
Lockbox 31
844 N. King Street
Wilmington, DE 19801



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GBEKE MICHAEL AWALA, PD scanned       :

    Plaintiff,                               :

                                                   : Civil No.:1:07-cv-531

    v.                                       :

CHIEF JUSTICE JOHN G. ROBERTS Jr.,       :

    Defendant.                               :

                                                        :



PD scanned

## MOTION FOR DISPOSITION

    COMES NOW the plaintiff Gbeke Michael Awala, appearing in the above entitled action, and moves the Court, pursuant to Rule 16(a) and (b), pretrial conference, in the above captioned case, and as it became clear that the court has assigned the matter to Honorable Sue L. Robinson, may it please the court to acknowledge the motion filed herein. In support avers:

    (a) The existence of a criminal conspiracy in part of the defendants and other members of the Judiciary against the plaintiff, this may be proven merely via circumstantial evidence as well as the direct evidence available to all parties, if the court could afford a logical and reasonable inferences as to the ultimate facts sought to be proven. See U.S. v. Carr, 25 F.3d 1194, 40 Fed. R. Evid. Serv. (LCP) 750 (3d Cir. 1994); U.S. v. Blackwell, 954 F.Supp. 944 (D.N.J. 1997); U.S. v. Krenning, 93 F.3d 1257(5th Cir. 1996); U.S. v. Neville, 82 F.3d 750 (7th Cir.1996). Thus, just as when the government attempts to prove the existence of indefinite acts, each of which, standing alone

might have little weight, but taken collectively point unerringly to the existence of a conspiracy. See also U.S. v. Robertson, 110 F.3d 1113(5th Cir. 1997). "

Furthermore, the plaintiff can prove beyond a reasonable doubt that the defendants had knowledge of the essential object of the conspiracy. See U.S. v. Veksler, 862 F.Supp. 1337 (E.D. Pa); U.S. v. Morsley, 64 F.3d 907 (4th Cir. 1995). Plaintiff similarly, submitts that the defendants all named above in the action voluntarily participated to achieve the criminal objective. See also U.S. v. Josleyn, 99 F.3d 1182(1st Cir. 1996).

Plaintiff reasonably believes the defendants attempt at undermining the proposed constitutional applications under the State of Florida for 'birth certificate,' in such a way that , they jointly makes children born in this country, and their parents, be deprived of these birthright without due process. A State Supreme Court has authority to conduct a determination whether the plaintiff Gbeke Michael Awala is constitutionaly valid to obtain said documents, since a submission has been made to the State Supreme Court, a ratification by the defendants is necessary to do substantial justice. Rather, the defendants attempted changing laws and organic laws on the subject, the question of the adoption of the plaintiff's birth certificate is a question of 'law and 'facts for the State jurisprudence.' See Florida League of Cities v. Smith, 609 So. 2d 397 (Fla. 1992)(no relief is possible in a petition challenging a state constitutional provisions).

Application of this provision here, the defendants fireproof shield over the plaintiff's birth certificate must obey the state rule of law.

Accordingly, this matter must proceed to pretrial scheduling and any cognitive conferencing under the Fed. R. Civ. P. Rule 16.

An argument potentially submitted by the defendants challenging the substance of a provision under the Florida Constitution regarding the plaintiff's birth certificate is unconstitutional and not justiciable in an action seeking to keep the provision away from the plaintiff Gbeke M. Awala. See Grose v. Firestone, 422 So. 2d 303(Fla. 1982).

WHEREFORE, I pray the Court grants this instant Motion.

Submitted under penalty of perjury 'to be true and correct. ' 28 U.S.C. Section 1746.

Dated 10/20/2007.

Respectfully submitted,

GBEKE MICHAEL AWALA
No. 82074-054
U.S. P. Canaan
P.O. Box 300
Waymart, PA 18472

-3-



GBEKE MICHAEL AWALA
No. 82074-054
U.S. P. Canaan
P.O. Box 300
Waymart, PA 18472

legal Mail:

Sue L. Robinson
District Judge
U.S. District Court
For the District of DE
Lockbox 31
844 N. King Street
Wilmington, DE 19801

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK OF COURT

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

October 29, 2007

TO: Gbeke Awala
Reg# 82074-054
U.S. Penitentiary Canaan
P.O. Box 300
3057 Easton Turnpike
Waymart, PA 18472

**RE: Deficiency for Lack of Original Signature; 07-531(SLR)**

Dear Mr. Awala:

Papers have been received by this office for filing in the above matter which do <u>not</u> conform to the Federal Rules of Civil Procedure, Rule 5.

Your papers will be docketed but no action will be taken by the Court until the discrepancies are corrected. In order for your document to be acceptable for filing, **your document must have an original signature**. Service must be indicated on an Affidavit or Certificate of Service, attached to the back of your request, motion or pleading.

Your corrected filing, (signed by you, with a certificate of service attached) should be sent to this office for processing.

<u>KINDLY RETURN A COPY OF THIS LETTER WITH YOUR CORRECTED DOCUMENTS.</u>

Sincerely,

/ead

PETER T. DALLEO
CLERK

cc: The Honorable Sue L. Robinson
enc: Copy of DI 7

*[handwritten annotation: "Button! you sign also" with arrow pointing to clerk signature]*

Gbeke M. Atala
03-8090-030
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472

Legal Mail

SCRANTON PA 185
02 NOV 2007 PM 1 T

Office of the Clerk
U.S. District Court
844 N. King Street, Lockbox 18
Wilmington, DE 19801-3570